but we are ready to proceed uh and grant v lockett good morning your honors my name is charles bonner peering alonzo grant the appellee my co-counsel mr bergstein will argue for our cross appeal if a police officer your honor i'm sorry the i'm taking off too quick here uh the appellant will go first usually the way it works sorry good morning your honor my name is john powers i represent defendants damon lockett and paul paul montalto at the outset i plan to cover two of our ten appeal issues although i'm glad to answer questions you may have on any of the other issues first i'd like to address the plaintiffs exhibit 12 and 20 these documents evidence of crv proceeding that occurred after the incident at issue and state that lockett and montalto were guilty of excessive force false arrest and untruthfulness these were of course the exact same issues that were being decided by the jury in the case in chief and these exhibits 12 and 20 came into evidence over the defendant's evidence and that's plaintiffs exhibit 11 and 122 in the corresponding testimony of county district attorney bill fitzpatrick those documents give opinions of the district attorney that one of the charges brought by the defendants was quote legally insufficient and quote and not legally viable and that the provable facts on the other charges were questionable at best the da also opined favorably concerning the credibility and character of the plaintiff there's no real dispute that this evidence is not admissible the real question is whether or not the error is harmless i would direct the court to cameron its decision in cameron versus city of new york because i believe it provides guidance on this question there the i'm sorry may i interrupt i'm was this uh specifically uh on the on uh on the manel charge was that in theory what this evidence was uh i understand there was there was no bifurcation but in theory was this evidence uh permitted on the uh on the manel issue if you're talking about the district attorney evidence your honor there was no reason given oh i actually i was thinking i was thinking of the other one the the the commission the crb evidence yes so so in our appeal we're treating uh there's two different categories of crb evidence there's crb evidence on other issues that occurred prior to the incident in question and then there's crb results that relate to the incident that was being tried that occurred after the incident in the judge's rationale was that that was relevant to the manel question the deliberate indifference claim was the whole thing in theory i understand your view would be that you can't take it away from the jury's eyes but but but in theory was was the was it admitted uh at all that evidence uh for anything other than in theory anything other than the manel charge no no reason was given um and no reason has been advanced on appeal other than manel and i would and i would uh further uh respond that because the crb proceedings with respect to the defendants occurred after the incident in question they couldn't have served as evidence admissible evidence of a pattern for a deliberate indifference claim because they they could not have put the city on notice such that it would prevent the city could have prevented the incidents in question that's the holding of conic v thompson and in this court's decisions which which have consistently did you have one more minute thanks so with respect to the issue of harmless error um cameron cameron had two big problems with the very similar testimony there and that was one it invaded the province of the jury with respect to the credibility of the witnesses and second it told the jury the district attorney opinion told the jury what to rule on with respect to a issue that it was deciding that is probable cause both of those problems that were present in cameron are present in this case with respect to both the crb evidence and the district attorney evidence both that both attempt to pass on and applying on the credibility of the plaintiff uh and the uh lack of credibility of the defendants and both tend to tell the jury what to and if cameron is to be followed the error in admitting those exhibits is non-harm harmless error and a new trial should be ordered just like a new trial was ordered in uh in the cameron case on the on the um evidence uh from the district attorney uh so your position is it wasn't necessary for grant uh to show that the charges against him have been dropped in order to make out a false arrest claim um and i think i understand that um but you um but the jury charge also did uh instruct didn't it that the da's decision to drop the charges didn't mean that the officers lacked probable cause yes there was a sentence in the charge and i think that you paraphrased it correctly but the decision to drop the charges didn't uh didn't mean that there was a lack of probable cause but that's not the problem with the da evidence if you look at exhibit 11 and 122 which is which are the da uh uh the da documents they're not talking just about the dismissal of the charge they're talking about the validity of the arrests uh uh in particular in there and he says the da says first of all that the first charge the domestic disorderly conduct charge is legally insufficient and that undermined the validity of the rest and he says the provable facts regarding the other charges are questionable at best he's commenting on the strength of the evidence leading to the arrest that's this is beside the fact of the this is the issue that they've been charged on if you look at supplemental appendix uh page 1783 when the court is instructing them about false arrest he says this is a a paraphrase you've got to the officers have to collectively have information at the time of the arrest that would lead a reasonable person who possesses the same official expertise as the officers okay and my side is that would be the da right to conclude that the person being arrested has committed or is about to commit a crime well the da has completely undermined that uh that issue and completely put his thumb on it on the scale with that issue with respect to his opinions in the letter and that those go way beyond the dismissal of the charges and those were not there was no curative instruction given uh on those statements and quite frankly there was no basis of admissibility you can't even say you can't even argue that that's relevant to manel it's not relevant to anything that testimony should never have come into it so it's both a 401 and 403 argument you're making irrelevant evidence came in and to the extent that it had any relevance at all um it was prejudicial it's a it's a four it's a 401 403 uh 801 and 701 argument i mean you wouldn't the court would not let a witness come in and give an opinion that the plaintiff was a uh had good character and his account of the events was credible a witness couldn't come in and say that why can a document come into evidence and say the same thing that document's back in the jury jury room when they're deliberating and it bears the imprimatur of the judge the judge has allowed it in over my objection so the jury is entitled to to assume that it's relevant and can be considered in their deliberations so i for three minutes i just want to make clear the three minutes that you started with are i could uh come in at this point judge kears did you have any questions you wanted to pose at this point not at this point thank you um could i then go back to the citizen review board evidence and ask you to um address uh your client uh if i understand the record correctly only raised the prejudice issue uh the 403 issue before trial and is that enough to preserve a 403 um objections or was or am i misunderstanding the record was it also raised during the trial when the citizen review board evidence came in okay so again we're we're there are two groups of citizen review board evidence that were challenging the most egregious are the results against our clients on the issue of your client yeah and so i would say that the the the case law interpreting um rule of evidence 103 b is that the eliminating decision preserves the evidentiary issue for appeal if it's uh an unreserved decision by the judge that's sort of beside the point here because uh i also objected at trial to the admission of uh exhibit 12 and 20 which were the the two exhibits that contained the findings against my clients i also objected several other times when they were referenced during trial i don't think that it can be said that that issue was not you have one more minute left of your 11th um you know the other i would also invite the court to look at the eliminate motion because i don't think that it was just a rule 403 ground that was advanced uh uh as a challenge to to those documents i think um there were multiple rules if memory serves uh so you know the the the judge was presented the issue and with specific reference to those documents in the unlimited motion the only ground advance for their uh um admissibility was monel because those doc because those proceedings took place after um after the events in question they cannot be relevant to manel under conic v thompson and even if they were they are of the type that are explosively uh prejudicial under rule 403 and finally can i just ask that i want to make sure i understand the the nature of the cr uh crb investigation um the the agency if i understand correctly doesn't doesn't have subpoena power at least it doesn't subpoena police officers because police officers declined to appear before it so is it interviewing complainants and other people who are willing to offer testimony and that's the entire basis for its uh investigation yes and i and i think um it does have subpoena power uh but it it has not chosen to use it and it's i mean it's questionable what that subpoena power is because the board does not put witnesses under oath and does and therefore does not actually take testimony so i'm not sure what you would be you might be subpoenaing the officer to attend but since the process and procedure doesn't permit or allow for testimony under oath i don't think the subpoena can compel anyone to testify but but in this case um uh in this case as as as described in mr lapari's testimony what they do is they hear from the plaintiff and in the plaintiff's retinue of witnesses because they don't hear from the and they make their conclusions based on that and and i think that's an important um important because under gram v connor you cannot make an excessive force determination without knowing all the facts that were presented big and small to the uh to the investigating officer and if you don't have the investigating officer's account of what happened you cannot make a an excessive force determination or a gram v connor so the fact that they made that determination and that determination is in front of the jury is of no weight and no value to the jury because it's not based on the gram v connor standard and then finally i would say beyond the issue of the potential or arguable relevance to manel which which we would submit it it's not admissible on that for a number of reasons that still doesn't explain why you allow the jury to hear that the crv panel concluded that my clients were untruthful without ever hearing from them the credibility of the witness that's sacrosanct that's an exclusive province of the jury and it should never come in not on a document not from a witness the fact that it came in this document in these documents is is reversible error just like it was in the cameron case in fact the testimony of mr lapari was they intentionally misrepresented in their police reports what happened to cover up what actually happened and that's explosively prejudicial thank you mr powers so um i don't know uh where i am in terms of uh in terms of the amount of time that i have remaining but i would also like to discuss the issue uh of the failure to provide special interrogatories to the jury and that's one of our appeal issues in this case can i just i think your time has expired but let's oh okay but uh but i actually but why don't you take um why don't you take two minutes and maria if you could just let him know when that is over to address that issue sure i appreciate that your honor um the failure to provide special interrogatories to the jury is really half of the problem with what judge heard the real problem was that judge heard delegated to the jury in in total the decision on qualified immunity and in qualified immunity is a question a mixed question of law in fact under our case law but um it is clear that the ultimate determination is a question of law for the court and the proper procedure as set forth by this court in stevenson versus so if that is if there are um questions of fact that need to be resolved for that determination that they're submitted to the jury via special interrogatory we asked the judge to do this he did not instead of deciding qualified immunity he delegated that to the jury he did not make that determination at all before judgment was entered awarding damages on october 23rd of 2018 um because he did that that's an error that that is a clear error of law now the opposing argument that's been presented was it was a binary set of facts and um you know any decision on qualified immunity presupposes that the jury found in favor of uh uh the plaintiff on every single factual dispute there is no law on that that is not the law of qualified immunity there's no authority for uh making that presumption and it is a circular and illogical the jury could have very well believed everything that the defendants testified to in this case because the defendants testified and admitted that they did use a physical force hand strikes to bring the to make the plaintiff compliant as they were trained to do so the jury could have believed everything that the defendant said and found in favor of the plaintiff and that is that would be precisely the sort of situation that the judge would have to consider for qualified immunity excuse me thank you thank you thank you mr powers uh mr bonner yes uh good morning your honors as indicated my name is charles bonner appearing for miss alonzo grant the appellee if a police officer commits a false arrest and inflicts excessive force on a person and presents perjured testimony to cover up his action violates the united states constitution and there's no qualified immunity and he's responsible for all the harm now briefly let me just tell you the story of what happened in this case it's late june 2015 2014 i'm visiting my hometown of selma alabama when i received a phone call from my co-counsel mr jesse writer he tells me that two syracuse police officers have just beat up his friend mr alonzo grant without justification and that a police sergeant has stated that mr grant has confessed to assaulting assaulting the police within a day or so i'm in syracuse mr wright and i're investigating every witness canvassing the neighborhood and we obtained 10 to 15 sworn video affidavits which we provided to district attorney fitzpatrick and he conducted his own investigation and dismissed the charges against mr grant now all the witnesses and the circumstantial evidence proved that the defendant officer lockett and montalito lied and presented perjured testimony in their police report and to the jury defense is still pushing this false story that has been rejected at every step and in the interest of justice it must be rejected here now we're here following nine days of a jury trial with 28 witnesses who provided testimony the juries uh got to listen to all the witnesses and after hearing over the evidence and all the witnesses the jury did what the united states constitution asked them to do they stopped the injustice they found the truth and repaired a wrong defendants now want this court to believe that this was an exceedingly close case and that therefore they're entitled to some kind of reversal because there was abuse of discretion of discretion the judge was very careful he put in all the procedural guard rails to make sure that these defendants got a fair trial the problem is the jury could see that these officers absolutely committed perjury for example the four non-party witnesses recipient witness miss sharon hayes mr cory mcmillan mr lonzo grant and miss sherelle grant they testified what did the jury hear them say the jury didn't say that one officer montalto never went into the house contrary to his testimony number two mr grant never turned around and put officer lockett in a bear hug as dr officer lockett testified and not to this falsehood could you address uh your adversary's argument is how the report and determinations of the crb about the investigation of the incident afterwards are relevant um to the manel liability yes well foley the city of lowell makes it very clear that evidence to show whether or not the city has maintained a policy that was enforced at the time of the incident here the city failed to discipline the officers before failed to discipline after and that was to show that the city maintained a policy the constitutional rights and deprived mr grant of his constitutional right that goes to our manel claim uh that's also in the hewlett case versus syracuse where the court was very clear in this case the evidence was sufficient to create a jury question regarding whether the unduly permissive attitudes towards this office's use of force and so that evidence was admissible there's no use of discretion that is found discretion of the court to allow evidence in on our claim of manel witnesses testified before the crb also testified before this jury and mr powell was able to cross-examine those jurors so your adversary also makes an argument that this evidence was was highly prejudicial and as i understand it the investigation the findings of the crb are not based on a preponderance but the board in essence finds sufficient evidence to substantiate a charge and send it along to the jury who's trying to uh you know look at the same incident the same set of facts but is apply is asked to do something they're pretty different in terms of assessing the evidence uh which clearly was not confusing your honor because the jury did not file no no manel claim they very seriously looked at that evidence moreover but they could have but it could have been prejudicial to the they must be liable when that's not necessarily true because the two different entities are applying a different standard well that was secured the court's instruction the court gave very limited instructions regarding how to apply what evidence to what issues and what and what facts this had every right to testify before the crb hearing in fact the this police department has a policy of not allowing their office to testify even when they're subpoenaed they don't testify so the jury understood these officers had a right to testify plus officer gavin lieutenant gavin from their internal review board had investigated the claim just like the crb but you know fatal whether it's a fatal problem or not is it is is is a maybe a very hard question may not be may be easy on your side but underlying this all is a problem of of the failure to bifurcate the fact that the manel uh evidence what came didn't didn't come in a separate proceeding it came in the same proceeding as uh as the uh the the tort claim and and and constitutional violation claims against the individual officers but bifurcation of course is not uh it's not i'm not saying that that they that there is a requirement of of bifurcation i'm saying in this case the problems that arose arose because there was no bifurcation that it does not it doesn't follow the bifurcation is is is is as a matter of law mandatory it's it it follows that what problems we are now addressing on both sides uh arose because it because this the uh because it because it wasn't in the same proceeding isn't the issue your honor that whether or not the court had discretion to manage his courtroom to consider the convenience of the parties and the jurors and have one trial as opposed to having two trials particularly when the officers were claiming qualified immunity and the city had its own defense the there was prejudice here because uh even with this unified trial the jury found there was no municipal liability so there's there's no prejudice is not to the city uh the prejudices it would be if there is prejudice the individual defendants and that's what's that's that that is that is the the matter of concern not that they had to have bifurcation or that it's you know that that's the law it's just just a question of whether in this particular case the problems that we are now talking about arose because there wasn't but i understand why you don't want to have two trials uh uh dealing with largely the same facts uh and and and why one one trial is than two trials i'm just uh raising the issue of whether the the problems uh uh that we are that you're that your adversary raises didn't arise because it was not bifurcated that's all the prejudice to the defendant officers is the fact that they were not credible they lied all the witnesses completely who were the same witnesses testified the crb testified at trial proved that these officers lied their own testimonies were contradictory so that was the prejudice their own untruthfulness it had nothing to do with the bifurcation uh it all of these issues a matter of discretion to the court and the court put into guardrails to manage and testimony these jurors are sharp and they are studious and they could see these lies and therefore they found the truth and they found against these defendants interestingly enough opponent does not challenge the fact that was a finding of excessive force of finding of of false arrest still instead they want to nitpick at uh this patrick's testimony which i would like address now unless there are additional questions uh and and the interrogatories first of all as to mr fitzpatrick going to the cameron case uh in the cameron case uh testified giving their opinion that the defendant's officers were credible and that was probable cause for the arrest this da fitzpatrick did not give any such opinion testimony regarding probable cause and in fact he said there was no reason to believe that the officers had excuse me do you have one more minute of your total time important because showing that there was no reason to arrest mr grant was a prerequisite to his quickly regarding the interrogatories i mean your court this particular panel in outlaw can i just ask can i ask you about fitzpatrick's testimony just a little bit i mean there was a descriptions of his positive relationship with plaintiff's counsel uh the chief assistant's very very thorough investigation of the case he read a press release he attested he essentially attested to the plaintiff's good character and um and i'm having a hard time seeing what the basis for that testimony was so help me out he he explained the elements as to why district attorney would dismiss the case and one of the factors he used was the fact that the plaintiff had good character plaintiff was involved in this community he conducted his thorough investigation and he came up with that mr grant had never been arrested a 54 year old never had any arrest children his community was it even necessary to establish that the case had been favorably terminated to to prevail on false arrest charges because i didn't think it was it's not absolutely um a a prerequisite but considering when you have a positive prejudice in favor police officers is a plaintiff who's now trying to prove a case of excessive force must prove everything necessary to win his case so the testimony was necessary because the cops lied in their report regarding these confessions they there were two confessions against mr grant one officer lockett said he mr grant said i don't give a damn about the police i will go to jail and secondly sergeant levisky gave this grisham asking report mr grant hung his head said i just couldn't stop fighting with the police and so in order to overcome these police officers who are widely believed by jurors we had to put on every piece of evidence we could but just lastly with this interrogatories uh those interrogatories the problem with those interrogatories uh was that violated your law in outlaw case which says the the issue of qualified immunity is in objective standards those interrogatories was to ask the jury what these offices reasonably perceived or reasonably believed those were improper in fact those interrogatories were inviting error it would have been an error for the for the court to give those particular interrogatories and uh in any event uh these defendants had their day in trial all the was a matter largely left to the discretion of the district court yeah but they the district court has to give the correct law those particular instruction violated your law in the outlaw case which says what a reasonable officer would do not the subjective belief of what the subject defendant police officers would do so the bottom line in conclusion here uh these these defendants had a fair trial all the procedure guidelines were in place they only had a part of truth and the truth was was mr grant's bridge to justice and i would now uh like to have mr bernstein finish with the our cross appeal thank you the verdict should be plaintiff's uh we have two issues on the plaintiff's cross appeal on the attorney's fees first the district court abused its discretion in denying attorney's fees for the work that plaintiff's counsel expended in handling the criminal case uh prior to the filing of this lawsuit and secondly the district court abused its discretion in denying out of district hourly rates for a plaintiff's trial counsel charles bonner and let me start with issue number one um pre-litigation fees expended uh in the course of the criminal proceeding may be recovered in the context of research and investigation that ultimately allow you to bring section 1983 claim and if you look at the time records particularly for jesse rider and charles bonner um they were doing investigative work in the course of defending mr grant against criminal charges that was the same investigative work they would have conducted in the course of preparing for the section 1983 case and my rough estimate of the number of hours they performed in the course of that work was about 85 hours in two of them and so um the case we're relying on for this proposition is mcdonald versus armand trout from the eighth circuit it's in our brief and that was an abusive discretion to deny plaintiff attorney's fees for witness interviews investigating work uh in connection with criminal charge that work would have been undertaken even had there been no criminal charges against the plaintiff the second issue on the attorney's fees has to do with mr bonner's hourly rates i recognize that this court held in simmons that there's a presumption that he was in rates that are in the district but you can overcome that presumption if uh council provided special expertise that was unavailable in the district and that's what we have here uh this was not a conclusive claim that mr bonner provided services but then at the district court determined that uh that there was in district council competent counsel available who could have uh represented um the grant the district court said that in the face of extensive evidence contrary excuse me you have one more minute okay the um plaintiff submitted four affidavits from local bar leaders and local attorneys in the northern district who said that this case could not have achieved this result had mr bonner not been case um one of the reasons for that was because mr bonner invests substantial resources in cases like this and the attorney's fees application said they put in a hundred thousand dollars and attorneys who submitted affidavits in support of the higher hourly rate said that mr bonner and mr writer quote raised the bar in this community for this type of litigation so evidence like this which was undisputed supports the position that mr bonner's hourly rate should have been much higher than the rate reported by district court can i just i can i also i think i understand your argument can i draw your attention back to your first argument your adversary argues that you that uh you've waived the argument that you're that uh there's an entitlement to recover for work on the criminal charges do you want to address that yes there's no waiver um they sought those fees in the course of their initial moving papers and those fees were reflected in the timesheets and the the waiver argument is as follows uh they're claiming waiver because when the city opposed the fee motion they made an argument that you can't recover fees for the work done during the criminal case and in the plaintiff's library in support of the motion they didn't address that issue but that's not waiver because they preserved it by putting that information in support of the initial fee papers and judge heard in any event even if there was racism still addressed that issue so waiver is simply an argument that says you can't resolve the issue that you raised the first time on the field it was resolved against us but it was preserved thank you thank you miss d'agostino this is mary d'agostino for officers lockett and montalto i'm going to rest on my brief if you have any specific questions otherwise i'm going to yield the rest of my time to mr powers if there are no questions your honor this is um mr powers i'd like to address a few issues uh brought up by in rebuttal brought by mr bonner first mr bonner site for the holy case is a authority for the admissibility of the crb results pocket and montalto that occurred after the incident in question plaintiffs actually cited to four cases out of the circuit including foley and a case called city of reno versus con from the ninth circuit that ninth circuit case went up to the supreme and was reversed based on its decision and conic v thompson that's the decision i discussed during my initial argument which held that contemporaneous or after the fact events cannot serve to provide evidence of notice of events giving notice to a municipality under a deliberate indifference claim and it was a deliberate indifference claim that was at issue in this case since conic v thompson this court in sims v city of new york uh 480 federal uh appendix 627 and green versus city of new york in 742 federal appendix 532 have held in each of those cases that contemporaneous or subsequent conduct cannot establish a pattern and pattern of violation that would provide notice to the city an opportunity to conform to constitutional dictates that's the holding of conic and so it's clear that foley and and and those related cases have been overruled and they are not the law of the circuit excuse me you have one more minute the second point that i would make with respect to exhibit 12 this is the crb results against um officers montalto and lockett is that there was no limiting instruction given for that exhibit and the plaintiffs did not use it for manel purposes at trial in fact they emphasized with numerous witnesses for liability purposes only that the crb had found against my clients for excessive force untruthfulness and let's say that let's say for uh the sake argument that we agree with you that the evidence was not properly admitted on notice and that it was used substantively against the officers i your your adversary also made a harmless argument error arguments in essence today that the evidence of perjury by these officers at trial was overwhelming and the jury and the evidence of their liability was strong and the well i think what he's referring to is one of the four factors which is the i think it's the fourth factor is whether it's a close case and um i think that the you know mr uh bonner's argument that uh perjury was established is just that it's it's argument um this was not a close case i think that you can look to the amount of time that the jury was out they were out almost three days on this case i think that you can look to the fact that no punitive damages were awarded if if if the plaintiff's version of the uh the facts were bought by the jury and and they concluded that the uh that the defendants had perjured themselves in their police reports then this would have been a punitive damages case and so and that wasn't the case at trial and and um if you look at the accounts of the version of the events by the plaintiff and his family members none of those accounts agreed with each other this was not a close case or excuse me this yeah you keep saying that i think you mean you think it is a close case no oh yeah yeah i think i think you're right uh i misspoke this was a this was a close case and uh i think you can look at all those external uh indicators um you know but also uh what was really going on in cameron with respect to whether it was a close case was whether or not the the errors bore on the core issues in the case and i don't think that you can deny with respect to the da's evidence and the crb evidence you know they're not just closely related to the issues decided by the jury they are the issues that are decided by the jury and if it was so clear from the other evidence that that plaintiffs uh had a legitimate claims then there was no need to put this in irrelevant clearly inadmissible evidence in the record and there's no need to have a thumb put on the scale by the da and by the crb uh with these with these documents that had no other relevance value to the case and if this is not a case for harmless error or for non-harmless error i don't know what what would be because these are you know the issue of truthfulness that's a hot button issue for this court to have another witness vouch for the credibility or lack of credibility of any witness let alone a party witness that's a hot button issue and we've got that and we have improper opinion on the exact issue using the exact terminology that the jury is deciding i mean you could not get a more egregious example of a prejudice you couldn't create hypothetically more prejudicial evidence than this so if if amin is to be applied i think that there needs to be a new trial in this case and that's just on these two issues there you know there's there's purchase on on on several of these other 10 issues that are where there's clear reversible error so i i understand that my time has expired i appreciate the court's indulgence uh and i would rest on our papers with respect to the remainder of our issues unless you have any further questions thank you mr powers thank you thank you thank you all um nicely argued